MARCELLA D. BENHAM, Petitioner v. COMMISSIONER OF INTERNAL REVENUE Respondent
Benham v. Commissioner
Docket No. 569-76.
United States Tax Court
T.C. Memo 1977-11; 1977 Tax Ct. Memo LEXIS 433; 36 T.C.M. (CCH) 62; T.C.M. (RIA) 770011; January 17, 1977, Filed Marcella D. Benham, pro se. Larry K. Akins, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Chief Judge: Respondent determined a deficiency of $91 in petitioner's Federal income tax for the year 1974. The only issue for decision is whether *434 petitioner is entitled to compute her tax liability for 1974 using the unmarried head of household rates. The case was submitted under Rule 122, Tax Court Rules of Practice and Procedure. All of the facts have been stipulated by the parties. We adopt the stipulation of facts and the exhibits attached thereto as our findings. The pertinent facts are summarized below. Marcella D. Benham (hereinafter referred to as petitioner) resided at 2105 Ohio, Topeka, Kansas, at the time she filed her petition in this proceeding. She timely filed her Federal income tax return for the year 1974 with the Director, Internal Revenue Service Center at Austin, Texas. During 1953 the petitioner was divorced. She has remained unmarried to the present time. She was awarded custody of her twin sons in 1953. In 1974 her sons were 29 years of age. During 1974 the petitioner was a full-time employee of Fairlawn Plaza Development, Inc. in Topeka, Kansas. She lived by herself in her home at 2105 Ohio in Topeka, Kansas during 1974. Petitioner was solely responsible for the taxes, insurance and general maintenance of the home. She was completely responsible for her total support. During 1974 *435 neither of petitioner's twin sons lived with petitioner at her home in Topeka, Kansas. Throughout all of 1974 both of her sons were individually responsible for their total support. Petitioner did not provide any of their support nor did she claim them as dependents on her 1974 Federal income tax return. Petitioner did not provide any support for any individual, relative or nonrelative, other than herself, during 1974. She did not, and was not entitled to, claim any dependency exemption for any individual, relative or nonrelative on her 1974 Federal income tax return. We must determine whether petitioner is entitled to have her 1974 tax liability computed using the unmarried head of household rates. She contends that since she lives by herself and is solely responsible for the taxes, insurance and general maintenance of her residence, and since she is completely responsible for her total support, she qualifies for the head of household rates provided in section 1(b) of the Code. [1] Respondent maintains that petitioner does not qualify for the rates imposed upon "heads of households." We agree with respondent. *436 Congress has imposed certain requirements which must be met in order for an individual to take advantage of the lower rates imposed on heads of households. Section 2(b) [2] provides that in order to qualify for these rates, an individual must be unmarried (or legally separated) at the close of his taxable year, and must have furnished over one-half the cost of maintaining a household for the entire year for at least one other qualifying individual. *437 Since this petitioner lived alone during the taxable year 1974, and contributed only to her own support, she does not qualify for the "head of household" rates provided in section 1(b). Petitioner also contends that the rates of tax imposed upon unmarried persons are discriminatory and unjust because they are greater than those imposed upon married persons. We reject this contention. The legislative classifications provided in section 1 are clearly within the power of Congress to classify individuals for tax purposes. The validity of classification by marital status has been previously upheld. Shinder v. Commissioner,395 F. 2d 222 (9th Cir. 1968). The provisions of section 2(b) are not unconstitutional. John A. Bayless,61 T.C. 394 (1973). It is apparent from the legislative history of section 2(b)(1) that Congress intended to extend its legislative graces upon unmarried persons who have the responsibility of maintaining a household for one other qualifying individual. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. SEC. 2. DEFINITIONS AND SPECIAL RULES. * * *
(b) Definition of Head of Household.-- (1) In General.--For purposes of this subtitle, an individual shall be considered a head of a household if, and only if, such individual is not married at the close of his taxable year, is not a surviving spouse (as defined in subsection (a)), and either-- (A) maintains as his home a household which constitutes for such taxable year the principal place of abode, as a member of such household, of-- (i) a son, stepson, daughter, or stepdaughter of the taxpayer, or a descendant of a son or daughter of the taxpayer, but if such son, stepson, daughter, stepdaughter, or descendant is married at the close of the taxpayer's taxable year, only if the taxpayer is entitled to a deduction for the taxable year for such person under section 151, or (ii) any other person who is a dependent of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such person under section 151, or (B) maintains a household which constitutes for such taxable year the principal place of abode of the father or mother of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such father or mother under section 151. For purposes of this paragraph, an individual shall be considered as maintaining a household only if over half of the cost of maintaining the household during the taxable year is furnished by such individual.↩